IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Genuine Truth Banner, | ) | Case No.: 7:21-cv-01576-JD-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Spartanburg County, Barry Barnette, Amy W. Cox, G. Thomas Cooper, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Kevin F. McDonald ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina.[1] Plaintiff Genuine Truth Banner ("Banner" or "Plaintiff"), proceeding *pro se*, filed this Complaint alleging violations of his constitutional rights by the Defendants Spartanburg County, Barry Barnette, Amy W. Cox and G. Thomas Cooper (collectively "Defendants"). (DE 1.) Plaintiff is in the custody of the South Carolina Department of Corrections ("SCDC") and located at Kirkland Correctional Institution ("Kirkland").

Banner alleges the Defendants conspired to violate his due process rights and obtain an illegal conviction against him and seeks his immediate release from incarceration, money damages, and lost wages. (DE 1, p. 4.) Banner contends that Barry Barnette, Esquire, the lead

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

solicitor in Spartanburg County, informed the court at the underlying criminal prosecution that Banner's charges were indicted by a grand jury, but when the Plaintiff requested copies of the indictments, he was first told they were not available and then they "magically" appeared when he contacted Amy Cox, the Clerk of Court, a second time. (DE 1, p. 7.) Banner contends that the indictments are forgeries because the witness signature is computerized and the copies he received were not signed by the foreperson of the grand jury. (DE 1, p. 7.) He argues that since his charges were never actually indicted, his guilty plea to the charges "as indicted" is invalid and he should be released from prison. (DE 1, p. 7.) The Plaintiff further contends that during the pendency of his Post Conviction Relief ("PRC") action he submitted several amendments to the application (along with his attorney), but Judge Cooper, in denying the Plaintiff's PCR action, indicated that the Plaintiff's filings were not appropriate because they were not filed by the Plaintiff's attorney. (DE 1, p. 8.) Banner contends that Judge Cooper ignored grounds for relief raised by the Plaintiff in denying his PCR action. (DE 1, p. 8.)

On June 7, 2021, the Magistrate Judge issued the Report recommending summary dismissal without prejudice, issuance of service of process, or leave to amend his complaint because this action is duplicative of a previous action filed by the Plaintiff in this Court wherein the Court found that Banner may not seek release from prison via § 1983 and the named defendants were similarly subject to dismissal based upon judicial immunity (although this action also involves similar concepts of quasi-judicial immunity, prosecutorial immunity, and sovereign immunity) and because Spartanburg County is not a person subject to suit under § 1983.[2]

---

[2]     The Report and Recommendation further recommended that this Court consider the entry of sanctions against Plaintiff in the future should the Plaintiff continue to file duplicative litigation in this Court, and the Court will take this recommendation under advisement if/when Plaintiff files additional actions related hereto.

Banner filed an objection to the Report on July 12, 2021; however, to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that Banner's objections are non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation, or merely restate his arguments. For example, the Court finds that Banner's objection first acknowledges he filed the instant action while waiting for a "response" to a separate case he filed in this Court alleging wrongdoing by Spartanburg County and Judge Mark Hayes. See Case No.: 7:21-cv-00743-JD-KFM. However, the Court has identified the following specific objection, which will be addressed herein.

Banner specifically objects to the Report's characterization of this action as duplicative of another action he previously filed at Case No.: 7:21-cv-00743-JD-KFM because Banner contends the defendants are not the same (other than Spartanburg County, which Banner appears to be willing to dismiss), nor are his allegations. However, this Court is not persuaded by this argument because the basis for the dismissal are the same as the previous action. In the former action, the

Court found that Banner cannot seek release from prison via § 1983 claim and the named defendants were subject to dismissal based upon judicial immunity, sovereign immunity, and because the County of Spartanburg is not a person subject to suit under § 1983. Spartanburg County aside, Banner now seeks his immediate release from incarceration, money damages, and lost wages from a solicitor, the Clerk of Court for Spartanburg County, and another state court judge. Like the previous action, these defendants are entitled to judicial immunity and/or sovereign immunity and/or is not subject to suit for Banner's § 1983 claim. Notwithstanding the foregoing, his objection is also overruled because he sought the same relief, which was previously denied in his former litigation.

After a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is dismissed without prejudice and without the issuance of service of process.

**AND IT IS SO ORDERED.**

 s/Joseph Dawson III  
Joseph Dawson, III  
United States District Judge

Greenville, South Carolina
September 16, 2021

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.